■ In the Matter of COZY WILLIAMS, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated January 12, 1988, which, after a hearing, disqualified the petitioner from participation in the food stamp program for a period of six months.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursments.

The record amply supports the State Commissioner's deter-

mination that the local agency established by clear and convincing evidence that the petitioner intentionally violated the rules of the Department's food stamp program by failing to report that her daughter-in-law, who resided with the petitioner, was employed during the period in which the petitioner was receiving food stamps (18 NYCRR 387.1 [w]; 399.7 [h]). As a result of this misrepresentation, the petitioner received an overpayment of food stamps in the sum of $961. Contrary to the petitioner's contention, there was substantial evidence that the petitioner's conduct herein was intentional, rather than an "inadvertent household error" (18 NYCRR 399.1 [f]). The evidence established that the petitioner's daughter-in-law resided in the petitioner's one-family home, and that she regularly left home each weekday morning at approximately 8:00 A.M. and returned at approximately 4:00 P.M. The petitioner's assertion that she was unaware that her daughter-in-law was employed created an issue of credibility for the administrative fact finder to resolve (see, Matter of Collins v Codd, 38 NY2d 269). We find that the State Commissioner's assessment of the credibility of the witnesses and the inferences to be drawn from the evidence presented are supported by substantial evidence and, thus, are conclusive (see, Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Pell v Board of Educ., 34 NY2d 222). On this point, we reject the petitioner's contention that the applicable standard of review in this proceeding is a "clear and convincing evidence" standard. Although the applicable administrative standard of review in determining whether a local agency has established an intentional program violation is "clear and convincing evidence" (18 NYCRR 399.7 [h]), the proper judicial standard of review of the Commissioner's determination is whether the determination is based on substantial evidence (see, CPLR 7803 [4]; see also, Matter of Lovenheim v Foschio, 93 AD2d 986). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.