■ In the Matter of ROBERT JERVAS, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Edward Greenfield, J.), entered February 15, 1989, seeking to annul a determination of respondent New York City Police Commissioner dated June 12, 1988 which dismissed petitioner from his position as a police officer, unanimously dismissed and the determination confirmed, without costs.

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner, while acting in concert with other police officers, *inter alia,* wrongfully and without just cause entered a store, took possession of a quantity of coins therein without vouchering the same, failed to properly supervise police officers under his command, and failed to notify his superiors of the theft of property committed in his presence by fellow police officers *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Petitioner's contention that evidentiary sources of questionable character must be corroborated by other reliable evidence is misplaced especially where, as here, the Hearing Officer has credited the testimony of the Department's sole eyewitness and its one informant *(see, Matter of Kelly v Murphy,* 20 NY2d 205). Moreover, it is for the administrative tribunal, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject *(Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979, 981). In any event, the testimony given by the Department's witnesses was corroborated by independent evidence in the form of a tape-recorded conversation which implicated petitioner as a participant in the store breakin and theft.

The fact that the Hearing Officer's report and recommendation to the Commissioner did not list each and every inconsistency in the evidence does not amount to a denial of due process since the Commissioner is not required to make an independent assessment of each witness's credibility. Moreover, the Commissioner is entitled to rely upon his Hearing

Officer who, as a fact finder, is in the best position to assess and evaluate the evidence presented.

Finally, in challenging the Hearing Officer's impartiality in the matter, petitioner made no showing that the Hearing Officer bore any animosity towards him or that the Hearing Officer was personally involved in the investigation *(see, Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie,* 96 AD2d 595, *appeal dismissed* 60 NY2d 701).* Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.