■ In the Matter of ANITA L. HAWKINS, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF SOCIAL SER-

VICES et al., Respondents.—Petition, transferred to this court pursuant to CPLR article 78 by order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered on August 8, 1989, challenging a determination by respondents dated February 15, 1989, which affirmed the determination of the Commissioner of the New York City Department of Social Services denying petitioner's request for emergency assistance for past rent arrears, is unanimously denied, respondents' determination confirmed and the petition dismissed, without costs or disbursements.

Petitioner's rent is $130 per week. She owes the landlord $12,980 in arrears from late 1986. In July 1988, petitioner applied to the New York City Department of Social Services for emergency assistance. Subsequently, a determination was made denying her such assistance.

Emergency grants for the payment of rent will be given if they are "essential to forestall eviction and no other facilities are available" or "the health and safety of the applicant or recipient is severely threatened by failure to make such payment" (18 NYCRR 352.7 [g] [4] [i], [ii]). The record establishes that petitioner did not satisfy any of these requirements. An emergency payment would still leave a substantial risk of eviction in the future, since petitioner has not demonstrated a history of steady employment or ability to maintain the rent payments. Furthermore, even when she was working, petitioner did not pay rent, nor did she put any money aside to pay the rent when she participated in a rent strike. The record further does not indicate that her health or safety would be severely threatened by failing to give the emergency assistance. The agency's determination was, therefore, supported by substantial evidence and must be confirmed (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231).

Petitioner was not prejudiced by the agency's failure to give written notice of denial of her application, since she concededly had actual notice. This irregularity does not mandate annulment of the determination (see, Matter of White v D'Elia, 80 AD2d 874). Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.