■ In the Matter of DEBBIE ST. CLAIR, on Behalf of Herself and Her Three Children, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social

Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated June 11, 1990, which denied the petitioner's request for emergency assistance to pay mortgage arrears, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Colby, J.), dated July 10, 1991, as confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Upon the commencement of a mortgage foreclosure action upon her home, the petitioner applied to the Commissioner of the Nassau County Department of Social Services for emergency assistance to cover the mortgage arrears. The application was denied. Following a fair hearing, the Commissioner of the New York State Department of Social Services upheld that determination and directed that, in the event the petitioner was unable to prevent foreclosure, the County was to provide appropriate emergency housing for the petitioner and her three children.

Contrary to the petitioner's contention, we find that under the circumstances of this case, the State Commissioner's determination was not arbitrary and capricious. The applicable provisions of the Social Services Law (see, Social Services Law §§ 131-a, 350-j et seq.), their implementing regulations (18 NYCRR parts 350, 370, 372), and the administrative directives of the respondents, reveal that the petitioner simply did not qualify for emergency assistance to prevent foreclosure.

We note that the State's emergency housing assistance programs were intended to meet emergency needs in unforeseen crisis situations and not to remedy the anticipated demands of everyday life (see, Baumes v Lavine, 38 NY2d 296). As the State Commissioner found, the need for emergency assistance in this case did not arise suddenly. Indeed, the petitioner made the request for emergency assistance 16 months after she started falling in arrears. We further note that the petitioner's monthly mortgage payment was $497 and that, at the time of the hearing, she was receiving $598 per month in unemployment insurance benefits, $975 per month in child support and maintenance payments, and would have received $21,700 upon the sale of the home. Further, in 1987 the petitioner received approximately $3,600 from the Commissioner of the Nassau County Department of Social Services

534

to cover mortgage arrears at that time. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.