■ In the Matter of MARY RICHARDSON, Petitioner, v COMMISSIONER OF NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [626 NYS2d 183] —Determination of

respondents, dated April 23, 1993, which, after a fair hearing, denied petitioner's application for a grant of Emergency Assistance to Needy Families with Children or Emergency Home Relief to pay rent arrears, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard B. Lowe, III, J.], entered April 1, 1994), unanimously dismissed, without costs.

Contrary to petitioner's contention that respondents' determination denying her assistance to pay rent arrears was illegally grounded on her failure to demonstrate that she would be able to pay her rent and to repay the grant in monthly installments, the record supports the administrative conclusion that her rent arrears did not result from an emergency situation as defined in Social Services Law § 350-j but rather from a demand created as a result of everyday life *(Matter of Baumes v Lavine,* 38 NY2d 296; *see also, Matter of Ayanfodun v Sobol,* 207 AD2d 304; *Matter of St. Clair v Perales,* 178 AD2d 532, *lv denied* 80 NY2d 753). Moreover, evaluating an applicant's ability to repay the grant prior to its award was neither arbitrary, capricious nor contrary to law. Instead, the construction given the statute and regulations at issue by respondents constituted an interpretation consistent with the legislative intent in enacting such legislation *(see, Matter of Bates v Toia,* 45 NY2d 460, 464).

We have considered petitioner's remaining contention and find it to be untimely and without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.