■ In the Matter of MICHAEL HEANEY, Petitioner, v BRIAN J. WING, Individually and as Acting Commissioner of New York State Department of Social Services, et al., Respondents. [672 NYS2d 168] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination of respondents to suspend his public assistance benefits for 45 days based upon his failure to comply with the requirements of an alcohol rehabilitation treatment program. The proceeding was transferred to this Court pursuant to CPLR 7804 (g).

A recipient of public assistance who is required to participate in an outpatient rehabilitation program for alcoholism pursuant to Social Services Law § 158-a (1) but fails without good cause to complete the program will be disqualified from receiving home relief, "for the first failure to participate in or complete the program, until the failure ceases or for [45] days, whichever period of time is longer" (Social Services Law § 158-a [2] [a]; *see*, 18 NYCRR 351.2 [i] [2] [iii]). Petitioner contends that he was never informed that his participation in and completion of the alcohol rehabilitation program was a condition of eligibility for public assistance. At the fair hearing, however, the caseworker who initially interviewed petitioner testified that she informed petitioner that he would need to be evaluated for alcohol dependency by a local treatment center for alcoholism and, if found to be alcohol dependent, would have to comply with the treatment requirements. Jefferson County Department of Social Services also asserted that petitioner received notice of his obligation through the contents

of a booklet entitled "What You Should Know About Your Rights and Responsibilities (When Applying For or Receiving Social Services)" that is provided to every applicant for public assistance.

We conclude that the determination to suspend petitioner's public assistance benefits for 45 days is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179). "[T]he credibility determinations made by a Hearing Officer are entitled to considerable weight and 'are significant in determining whether substantial evidence exists to support the [determination]' " (*Matter of Stevens v Axelrod*, 162 AD2d 1025, 1026; *see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.