■ In the Matter of DONALD P. ERNST, Petitioner, v SARATOGA COUNTY et al., Respondents. [674 NYS2d 487] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondents which denied petitioner's request for, *inter alia*, back pay and benefits.

Petitioner was employed by respondent Saratoga County between 1980 and 1994 and was the director of data processing for the County from 1985 through 1994. In 1994 several women who worked under his supervision came forward with allegations of misconduct and incompetency based on inappropriate behavior in the workplace; the behavior included unwanted touching and groping, inappropriate personal gifts of clothing and a gift certificate to Victoria's Secret, as well as sexual comments and innuendo. The County began disciplinary proceedings, suspended petitioner without pay for 30 days and filed three formal charges against him. Charge I, containing 10 specifications, alleged that he committed misconduct by engaging in inappropriate behavior toward subordinates. Charge II alleged that petitioner was guilty of misconduct by creating "a hostile work environment". Charge III alleged that petitioner was guilty of incompetence based on the charged acts of misconduct. In December 1994, following an administrative hearing wherein, among others, three female employees and petitioner testified, the Hearing Officer found petitioner guilty of charge I, sustaining most of the specifications, and guilty of charge III, finding that he was not competent to supervise employees based on the findings of misconduct. Petitioner was found not guilty of charge II and the Hearing Officer recommended termination. On December 20, 1994, respondent Board of Supervisors of Saratoga County adopted the recommendations and findings of the Hearing Officer and dismissed petitioner.

Petitioner then commenced a CPLR article 78 proceeding to, *inter alia*, annul the determination. The matter was transferred to this Court and we annulled the determination on two

procedural grounds (*Matter of Ernst v Saratoga County*, 234 AD2d 764). More specifically, we determined that one of the respondents, Michael Sullivan, improperly participated in the final determination to terminate petitioner's employment and that there was no evidence that the members of the Board had an opportunity to review the full record (*id.*). On February 25, 1997, upon remittal, the Board, without the participation of Sullivan and upon a full review of the record by each member of the Board, terminated petitioner's employment, deemed the termination retroactive to 1994 and denied him back pay. Petitioner then commenced this proceeding claiming that (1) he is entitled to back pay, benefits and costs, and (2) that the 1997 determination to terminate his employment was arbitrary and capricious and an abuse of discretion. Supreme Court transferred the entire proceeding to this Court pursuant to CPLR 7804 (g).

Contrary to petitioner's assertions, we conclude, after a review of the full record, that the Hearing Officer's findings are sufficient for judicial review (*see, Matter of Langhorne v Jackson*, 206 AD2d 666, 667; *see also, Matter of Bader v Board of Educ.*, 216 AD2d 708, 709). Here, the Hearing Officer found that petitioner's actions, including the touching and comments to his subordinates, were "wholly inappropriate in the workplace" and constituted misconduct; similarly, the Hearing Officer linked the employees' discomfort and stress under these conditions with petitioner's inability to competently supervise them. Based on the sufficiency of the Hearing Officer's findings, we also reject petitioner's related contention that the Board's acceptance of the findings without comment was inadequate.

We further reject petitioner's contention that respondents' determination was not rationally supported by the evidence. The proper standard for review of an administrative determination is whether it is supported by substantial evidence (CPLR 7803 [4]) based on the entire record and whether that record provides a rational basis for the determination (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-181; *Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014-1015). In the course of its review, this Court may not weigh conflicting evidence or substitute its own judgment, even where there may be other possible conclusions based on the evidence (*see, id.; Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1009). Furthermore, if the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency (*see, Matter of Davis v Stolzenberg*, 228 AD2d 770, 770-771).

Here, one female employee testified that petitioner, *inter alia*, gave her a $50 gift certificate to Victoria's Secret, kissed her on the lips, asked for her clothing and underwear sizes, gave her gifts of clothing and perfume and touched her on her hip/thigh area. The same employee also noted that petitioner asked her to rub his neck, that he pulled her onto his lap, and that he inappropriately touched her or grabbed her on almost a daily basis. A second female employee testified that petitioner called her his "sexretary" and that he inappropriately touched her. The specifications that were sustained by the Hearing Officer were based on direct testimony and were corroborated by testimony from petitioner or other employees. The Hearing Officer credited the employees' testimony and found portions of petitioner's testimony incredible. Clearly, substantial evidence supports petitioner's termination due to his misconduct and his lack of competence in supervising his employees.

We also conclude that petitioner's termination was not disproportionate to the offense. A penalty may not be " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of McDermott v Murphy*, 15 AD2d 479, *affd* 12 NY2d 780; *see*, *Matter of Goldsmith v DeBuono*, 245 AD2d 627, 631-632). A sanction that is "shocking to one's sense of fairness" is "so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct * * * or to the harm or risk of harm to the * * * public" (*Matter of Pell v Board of Educ., supra*, at 234; *see*, *Matter of Goldsmith v DeBuono, supra*, at 631-632). Here, petitioner's behavior over an extended period of time clearly exhibited a great disregard for the female employees under his direct supervision; indeed, petitioner's actions warranted termination.

Finally, we find merit in petitioner's assertion that he is entitled to back pay for the period between his initial termination in 1994 and his subsequent termination in 1997 (*see*, *Matter of Sinicropi v Bennett*, 60 NY2d 918, 920; *see also*, *Matter of Carnibucci v New York State Executive Dept. Div. for Youth*, 223 AD2d 843, 844; *Matter of Sassone v New York State Thruway Auth.*, 189 AD2d 86, 88, *lv denied* 82 NY2d 658). Thus, despite petitioner's misconduct, respondents must pay him the salary and benefits he would have earned between December 20, 1994, the date of the original determination terminating his employment, and February 25, 1997, the date of the determination confirmed herein, "less any compensation derived from other employment during that period and any

unemployment insurance benefits received for that period" (*Matter of Sinicropi v Bennett, supra,* at 920).

Respondents' attempt to shield themselves by deeming the 1997 termination retroactive to 1994 is ineffectual. A proper termination cannot be extended retroactively to cover a prior period of termination annulled due to procedural failures (*see, Matter of Sigle v Slavin,* 161 AD2d 644, 646, *appeal dismissed* 76 NY2d 1018; *Hansen v City of Gloversville,* 134 AD2d 657, 658). Notably, our earlier determination was based upon respondents' errors. Accordingly, a hearing should be held in Supreme Court to determine the amount of back pay and benefits due petitioner. We reject, however, petitioner's assertion that he is entitled to reasonable counsel fees based upon respondents' bad faith in connection with payment of his back pay and benefits. We cannot conclude, on the record before us, that respondents' actions have been frivolous or conducted in bad faith (*see, Matter of Schulz v State of New York,* 175 AD2d 356, 357, *lv denied* 78 NY2d 862; *see also,* 22 NYCRR 130-1.1 [a]).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is modified, without costs, by remitting this matter to the Supreme Court for a calculation of back pay and benefits in accordance with this Court's decision, and, as so modified, confirmed.