In the Matter of JANET MARTINEZ, Petitioner, v JASON TURNER, as Commissioner of the New York City Human Resources Administration, et al., Respondents. [734 NYS2d 610] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Temporary and Disability Assistance, dated November 5, 1999, which, after a hearing, determined that the petitioner was not eligible for assistance pursuant to Emergency Assistance to Needy Families with Children in order to pay any portion of her rental arrears, and that she did not adequately prove her contribution of $350 toward her rental arrears.

Adjudged that the petition is granted, on the law, to the extent that so much of the determination as denied the petitioner's application for assistance pursuant to Emergency Assistance to Needy Families with Children to pay her rental arrears for June 1998 and July 1998 is annulled, and that application is granted; so much of the determination as denied her application for credit for a $350 contribution to her rental arrears is annulled, and that application is granted; the determination is otherwise confirmed, and the proceeding is otherwise dismissed, without costs or disbursements.

The petitioner was the only individual in her family who was earning an income. On or about May 21, 1998, she suffered a miscarriage. The complications of the miscarriage caused her to be hospitalized for one week and she was unable to work for an additional two weeks. The petitioner returned to work on or about June 14, 1998, but was unable to pay her rent for June and July. She applied for assistance.

To receive assistance pursuant to Emergency Assistance to Needy Families with Children (hereinafter EAF), the applicant, *inter alia*, must show that an unforeseen circumstance caused the need for emergency assistance (*see,* Social Services Law § 350-j; *Baumes v Lavine*, 38 NY2d 296), whereas pursuant to Emergency Safety Net Assistance (hereinafter ESNA) such a

requirement is unnecessary (*see,* 18 NYCRR 372.2). Unlike the assistance received pursuant to EAF, assistance received pursuant to ESNA must be repaid within a year (*see,* Social Services Law § 350-j; 18 NYCRR 372.2).

The determination under review held that the petitioner was eligible for assistance pursuant to ESNA, and not EAF, on the ground that the miscarriage and subsequent inability to work were not the cause of the petitioner's inability to pay her rent.

With regard to the petitioner's application for assistance to pay her rental arrears for the months of April 1998 and May 1998, her arrears for these months accumulated prior to her miscarriage and absence from work. Accordingly, substantial evidence supported the State Commissioner's determination that the petitioner's arrears were caused by the anticipated demands of everyday life, and not as a result of an unforeseen event (*see, Baumes v Lavine, supra*; *Matter of St. Clair v Perales,* 178 AD2d 532).

However, with regard to the petitioner's rental arrears for the months of June 1998 and July 1998, the State Commissioner's determination that the petitioner's inability to work for three weeks did not cause the arrears is not supported by substantial evidence. As shown by her ability to sustain her family after the rental arrears were paid, the miscarriage on May 21, 1998, and the petitioner's subsequent inability to work for three weeks was an unforeseen event which caused her inability to pay the rent for June 1998 and July 1998 (*see, Baumes v Lavine, supra*; *Matter of Perez v Wing,* 263 AD2d 391).

Further, the State Commissioner's determination not to credit the petitioner for her $350 payment toward her rental arrears for April 1998, is not supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The State Commissioner noted that checks totalling $2,300 were issued by the Agency. However, the petitioner claimed she only received $1,950. The Commissioner acknowledged that the petitioner's claim "may be accurate," and ruled "this decision does not make any conclusion regarding what was received by the Appellant, only what was issued by the Agency." The evidence in the record established that the petitioner received $1,950 in assistance, and the check for the remaining $350 was never forwarded to the petitioner or cashed. There is no authority to direct repayment of that sum (*see,* 18 NYCRR 370.3).

Accordingly, the sole assistance which may be classified as ESNA assistance subject to repayment is $650 for rent in May

1998. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.