■ In the Matter of ROBERT GOOSHAW, Petitioner, v BRIAN WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [744 NYS2d 549] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondents which denied petitioner's application for emergency assistance for adults.

Petitioner is a disabled adult whose sole income is derived from Supplemental Security Income and workers' compensation benefits. He lives in his own mobile home. From 1987 to 1998, petitioner's mobile home was located in a suitable trailer park. In October 1998, however, petitioner was evicted from the trailer park because of his refusal to comply with park rules. At that time, he moved his trailer to an unimproved parcel of real property that he owns in the Town of Willet, Cortland County. Because the parcel has no electrical, water or septic systems, petitioner collects rainwater for bathing, obtains drinking water from friends, uses a portable toilet and heats the trailer with a kerosene heater.

In January 1999, the town code enforcement officer cited petitioner for various building code violations. Unable to afford the necessary improvements to the property, which include the installation of a septic system, an electrical connection, a well hookup, the construction of a concrete trailer pad, and installation of concrete tie-downs and skirting, petitioner applied to the Cortland County Department of Social Services (hereinafter DSS) for emergency assistance. After reviewing petitioner's request for the capital improvements under the emergency safety net assistance program, DSS denied the application based on its conclusion that petitioner's needs could be met in a more cost-effective manner by providing him with alternative housing. Petitioner sought and received a fair hearing, following which the Office of Temporary and Disability Assistance concluded that DSS properly denied petitioner's application because he had chosen to move his trailer to the property with full knowledge that there was no water, sewer or electrical equipment and was therefore not faced with a catastrophic emergency situation that would qualify him for emergency assistance for adults (hereinafter EAA). Petitioner challenges that determination in the present CPLR article 78 proceeding.

According to petitioner, he met all of the requirements for EAA, as set forth in Social Services Law §§ 300 and 303 and 18 NYCRR 397.1, 397.4 and 397.5, and respondents therefore erred in denying his application. We disagree. As correctly contended by respondents, the capital improvements sought by petitioner simply do not fall within the scope of EAA, which provides for emergency assistance to "aged, blind and disabled persons with emergency needs which, if not met, would endanger the health, safety and welfare of such persons" (Social Services Law § 300 [1]). Notably, under Social Services Law § 303 (1) (a), funds will be provided for replacement or repair of an eligible applicant's shelter if it is "lost or rendered useless

as a result of burglary, theft or vandalism, or as a result of fire, flood or other similar catastrophe which could not have been forseen [*sic*] by such person, and was not under his [or her] control."

In this case, petitioner is not seeking to "replace or repair" anything, the capital improvements for which he seeks funds were not necessitated by a catastrophe of any kind and, given the unimproved state of his property, the need for such basic services as water, electricity, heat and sanitary systems following the relocation of petitioner's trailer was entirely foreseeable (*see, Baumes v Lavine*, 38 NY2d 296, 304 [decided under Social Services Law §§ 131-a, 350-j *et seq.*, and implementing regulations]; *Matter of Ghartey v Commissioner, N.Y. State Dept. of Social Servs.*, 237 AD2d 521, 522 [same]). In addition, petitioner is not assisted by 18 NYCRR 397.5 (h), which is by its express terms limited to "repair or replacement" of household equipment, or 18 NYCRR 397.1 (b) (6), which in combination with 18 NYCRR 397.5 (f) provides funds for furniture or clothing that may be necessary to enable a person to move to a private residence from a nursing home, hospital or other institution.

Based upon the record before us, we conclude that respondents properly considered petitioner's application under the emergency safety net assistance provisions of Social Services Law § 131-w and 18 NYCRR 370.3, which require no showing that unforeseen circumstances caused the emergency need (*see*, 18 NYCRR 370.3 [b] [1]), but authorize the consideration of cost-saving alternatives (*see*, 18 NYCRR 370.3 [b] [5]), and that the challenged determination is supported by substantial evidence. Petitioner's remaining contentions have been considered and found to be unavailing.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.