THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM L. SMITH, Respondent. [750 NYS2d 916] —Appeal from an amended order of Steuben County Court (Latham, J.), entered May 21, 2002, which, inter alia, granted defendant's

motion in part and dismissed counts three and four of the indictment.

It is hereby ordered that the amended order insofar as appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, counts three and four of the indictment are reinstated and the matter is remitted to Steuben County Court for further proceedings on the indictment.

Memorandum: We agree with the People that County Court erred in granting that part of defendant's motion seeking dismissal of counts three and four of the indictment based on the insufficiency of the evidence before the grand jury. Defendant was charged in those counts with falsifying business records in the first degree (Penal Law § 175.10). In reviewing the sufficiency of the evidence before the grand jury, the court is limited to determining whether the "evidence[,] viewed in the light most favorable to the People, [and] if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings,* 69 NY2d 103, 114). The fact that "other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Deegan,* 69 NY2d 976, 979). Here, the court erred in determining that the grand jury could not rationally infer from the evidence before it that defendant had the requisite intent to defraud to support the charges of falsifying business records in the first degree. In support of the charges, the People presented evidence that defendant filed a false affidavit with the Steuben County Public Defender in connection with his application for assigned counsel in an unrelated matter. The People presented evidence in that affidavit, which constitutes a business record, that defendant erroneously limited his income to social security benefits and food stamps, thus qualifying him for assigned counsel, when in fact he also was receiving monthly benefits based on his prior military service. The grand jury could rationally infer therefrom that defendant had the requisite intent to defraud (*see e.g. People v Heller,* 184 AD2d 657, *lv denied* 80 NY2d 930; *People v Ramirez,* 168 AD2d 908, *lv denied* 77 NY2d 965). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.