CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Fahey, J.), entered May 13, 2003 seeking to vacate a determination disqualifying petitioner from receiving food stamps benefits.
It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the determination disqualifying *934 her from receiving food stamp benefits for a period of one year on the ground that, when she applied for recertification, she failed to disclose a mutual fund account opened in the name of her five-year-old daughter under the Uniform Transfers to Minors Act (EPTL 7-6.1 et seq.). Had the account been disclosed, petitioner would have been ineligible to receive food stamp benefits during the period from June 1999 through October 1999 because the financial resources available to her during that period exceeded $2,000.
We conclude that the determination that petitioner intentionally failed to disclose the account is supported by substantial evidence (see Matter of Williams v Perales, 156 AD2d 697 [1989]; Matter of Velasquez v Perales, 151 AD2d 766, 767 [1989]). It was established at the administrative hearing underlying the determination that petitioner, knowing she was required to disclose the financial resources of everyone living with her, disclosed her own financial resources but not those of her daughter. Contrary to the contention of petitioner, it is readily inferable therefrom that she acted intentionally (see People v Stumbrice, 194 AD2d 931, 934, lv denied 82 NY2d 727 [1993]; see also People v Smith, 300 AD2d 1145 [2002]). The testimony of petitioner that she did not intentionally conceal the account presented a credibility issue for respondent Commissioner of the New York State Office of Temporary and Disability Assistance (State Commissioner) to resolve (see Matter of Czerwiak v Wing, 245 AD2d 1098 [1997]). The State Commissioner’s “decision not to credit her self-serving [testimony] was rational and therefore not arbitrary or capricious” (Velasquez, 151 AD2d at 767). We reject petitioner’s further contention that the State Commissioner applied the wrong standard of proof (see 18 NYCRR 359.7 [fj [1]). Present— Green, J.P, Wisner, Scudder, Gorski and Lawton, JJ.