■ In the Matter of THOMAS SICKLER, Petitioner, v TOWN OF HUNTER, Respondent. [769 NYS2d 662]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which dismissed petitioner from his position as police officer.

On July 22, 1999, the Chief of Police, in four separate memoranda, directed petitioner, a part-time police officer for re-

spondent, to submit four written reports concerning specified incidents no later than 9:00 A.M. on July 29, 1999. Petitioner advised the Chief in writing on July 28, 1999 of his inability to timely complete the reports, and he was suspended the next day without pay. Subsequent to the submission of the required reports on August 9, 1999, petitioner was formally charged with failure to obey a lawful order. Approximately three years following the conclusion of a hearing pursuant to Civil Service Law § 75, the Hearing Officer found petitioner guilty of the charges and recommended his dismissal. After this CPLR article 78 proceeding was commenced, respondent adopted the Hearing Officer's recommendation. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Petitioner contends that the determination is not supported by substantial evidence and, alternatively, that the penalty imposed was an abuse of discretion. We are unpersuaded that the Hearing Officer's decision is not supported by substantial evidence. " '[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically' " (*FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Here, it is undisputed that the reports were not filed as directed. Although petitioner sought to excuse his failure, claiming insufficient time and inability to contact his attorney, the Hearing Officer's rejection of these explanations is accorded deference and we may not substitute our judgment even where some evidence may point to a different conclusion (*see Matter of Ernst v Saratoga County*, 251 AD2d 866, 867 [1998]).

However, we are persuaded that the imposition of the sanction of dismissal constitutes an abuse of discretion since, under these circumstances, it is so disproportionate to the offense as to shock our sense of fairness (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 233 [1974]; *Matter of Ernst v Saratoga County, supra* at 868). First, the Hearing Officer acknowledged that the incidents underlying the charges were minor but concluded, nevertheless, that petitioner's part-time employment rendered any sanction other than dismissal meaningless. Second, there had been no prior discipline of petitioner during his 25 years of service. Third, his employment record since the initiation of these charges is unblemished and, fourth, he did not refuse to complete the reports but simply failed to meet the

deadline. Accordingly, we conclude that the sanction must be modified to a suspension without pay for a period not to exceed 60 days, which petitioner has already served.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by limiting the sanction imposed to a period of suspension not to exceed 60 days, and, as so modified, confirmed.