In the Matter of HAROLD F. WAGNER, Petitioner, v ARTHUR J. ROTH, as Commissioner of Taxation and Finance, Respondent. [780 NYS2d 42]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment.

In September 2001, petitioner, an office manager with the Department of Taxation and Finance, was charged with, among other things, using his Department-issued computer during

working hours "to send, forward or respond to non-work related" e-mail, "to transmit sexually suggestive and/or offensive material"* and to "access various non-work related" and/or offensive Internet Web sites in violation of known Department policies prohibiting the use of computers and the Internet for such purposes. The charges were filed after more than 200 personal e-mail messages, 14 of which satisfied the Department's definition of offensive, were discovered on petitioner's computer. Following a hearing, pursuant to Civil Service Law § 75, the Hearing Officer sustained all charges and recommended termination of petitioner's employment. Respondent adopted the report and recommendation in full and dismissed petitioner. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Initially, we note that petitioner's reliance on federal arbitration cases to support his position is inapposite to the subject proceeding. Applying the appropriate standard, we conclude that the record contains substantial evidence to support the findings (see Matter of Wachtmeister v Andrus, 279 AD2d 822, 824 [2001], appeal dismissed 96 NY2d 853 [2001]; Matter of Ernst v Saratoga County, 251 AD2d 866, 867 [1998]). Here, with respect to notice, the Department provided ample proof that its employees, including petitioner, were made aware of its policy prohibiting employees from using the Internet and e-mail for personal purposes. Additionally, the Department issued a specific memorandum in September 2000 advising that any employee found improperly using the Internet and/or transmitting "offensive material" via e-mail would be subject to immediate discipline without further warning. We note that, although petitioner denied receiving that memorandum at the hearing, the record indicates that he acknowledged during a precharge August 2001 interrogation that he was aware of the contents of that memorandum.

Turning to the substance of the charges, the Department produced sufficient evidence that the prohibited e-mails, images, video and audio clips came from the hard drive of petitioner's work computer. Petitioner admitted forwarding and responding to personal e-mail in violation of Department policy, although he qualified his admission by stating that he did so only with persons he knew would not be offended by the contents of the messages. Petitioner specifically denied improperly accessing the Internet as charged, despite the submission

---

* Offensive content was defined as material "which contain[ed] nudity, [was] sexually suggestive or [made] reference to an individual's race, creed, gender, ethnicity or sexual orientation."

into evidence of an activity log establishing that he frequently accessed Web sites unrelated to his employment. While petitioner speculated that he must have visited the Web sites inadvertently and offered alternate theories as to how the offensive images could have appeared on his computer without his knowledge, "the Hearing Officer's rejection of these explanations is accorded deference and [this Court] may not substitute [its] judgment even where some evidence may point to a different conclusion" (*Matter of Sickler v Town of Hunter,* 3 AD3d 727, 728 [2004]; *see Matter of Ernst v Saratoga County, supra* at 867). Notably, the Department presented testimony which established, inter alia, that an employee can access the Internet only by typing a Web site address into the address bar on the Department's intranet or "Lotus Notes" homepage or by clicking on a link to a Web site which was received via e-mail. Accordingly, given the proof that a deliberate act, such as typing or clicking, was required for petitioner to access the Internet, we find that the record supports the findings against petitioner.

Finally, "we cannot say that the penalty of termination is so shocking to our sense of fairness that it must be set aside" (*Matter of Bottari v Saratoga Springs City School Dist.,* 3 AD3d 832, 833 [2004]; *see Matter of Phillips v Le Page,* 4 AD3d 704, 705 [2004]; *Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist.,* 235 AD2d 912, 914 [1997]). Significantly, although petitioner claims that he was unjustly singled out for punishment, the record demonstrates that he was not the only employee disciplined. We further note that the Hearing Officer was also concerned that, while petitioner was "a manager responsible for enforcing departmental policy, not only did he violate that policy but did so with at least one subordinate who reported to him in his managerial role." In recommending termination, the Hearing Officer found that petitioner's failure to admit wrongdoing or accept responsibility for the wrongdoing "significantly offset[ ] consideration of his length of service and prior good record." Accordingly, considering the discretion accorded respondent in these matters, we find no reason to disturb his determination terminating petitioner's employment (*see Matter of Ernst v Saratoga County,* 251 AD2d 866, 867 [1998], *supra*; *see also Matter of Di Vito v State of N.Y., Dept. of Labor,* 48 NY2d 761, 763 [1979]).

The remaining arguments raised by petitioner have been examined and found to be unpersuasive.

Cardona, P.J., Mercure and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.