■ BARBARA FABER, as Executor of MARY A. KEEFE, Petitioner, v DEBORAH MERRIFIELD, as Commissioner of Erie County Department of Social Services, et al., Respondents. [782 NYS2d 495]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Nelson H. Cosgrove, J.], entered January 15, 2004) to review a determination of respondents. The determination, insofar as challenged in this proceeding, denied decedent's application for Medicaid coverage for certain costs for a three-month period based on the availability of excess resources.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, as executor of the estate of Mary A. Keefe (decedent), commenced this proceeding to challenge that part of respondents' determination denying decedent's application for Medicaid coverage for costs incurred between November 1, 2001 and February 1, 2002, based on the availability of excess resources during that period. Following a fair hearing, the Commissioner of the New York State Department of Health (respondent) rejected petitioner's contention that the calculation by re-

spondent Commissioner of the Erie County Department of Social Services of decedent's available resources erroneously failed to account for loans made to decedent by her children, which were used to pay her medical expenses. Respondent found that the funds advanced to decedent were gifts rather than loans and that those funds were thus properly included in the calculation of decedent's available resources.

"Judicial review of administrative determinations made as the result of a hearing required by law is limited to a consideration of whether [the determination] is supported by substantial evidence" (*Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]). Substantial evidence supports respondent's determination that the funds at issue were gifts rather than loans. The failure of respondent to address in her decision certain evidence submitted by petitioner, i.e., notations on checks, does not constitute an "error of law" affecting the determination (CPLR 7803 [3]). "[I]t is for the administrative tribunal, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which [evidence] to accept and which to reject" (*Matter of Jervas v Ward*, 159 AD2d 222, 222 [1990]; *see Silberfarb*, 60 NY2d at 981; *Matter of Ernst v Saratoga County*, 251 AD2d 866, 867 [1998]). This Court may not substitute its judgment for that of respondent in implicitly rejecting petitioner's position that the notations constitute proof that loans rather than gifts were intended (*see generally Matter of Danielle G. v Schauseil*, 292 AD2d 853, 854 [2002]; *Ernst*, 251 AD2d at 867). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.