■ In the Matter of JULIET A. PADULO, as Voluntary Administrator of the Estate of ADA J. ROMEO, Deceased, Petitioner, v KELLY REED, Commissioner, Monroe County Department of Human Services, et al., Respondents. [881 NYS2d 581]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered September 30, 2008) to annul a determination of respondent Richard F. Daines, M.D., Commissioner, New York State Department of Health. The determination, after a fair hearing, denied the application of petitioner's decedent for Medicaid coverage.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, as voluntary administrator of the estate of Ada J. Romeo (decedent), commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Commissioner of the New York State Department of Health (DOH) affirming the determination of respondent Commissioner of the Monroe County Department of Human Services that denied decedent's application for Medicaid coverage on the ground that decedent had made uncompensated transfers during the relevant "look-back" period (see 42 USC § 1396p [c] [1] [B]).

The record establishes that between 1976 and 1994 decedent purchased United States Savings Bonds naming herself and either petitioner or one of petitioner's children as owners. On December 15, 2001, decedent gave all of the savings bonds to petitioner, whereupon petitioner distributed them to herself and her children. Decedent moved into a nursing home in 2004, and between July 2004 and February 2005 petitioner liquidated all of the bonds, including those that she had distributed to her children. Petitioner deposited the proceeds into a joint account that she and her husband held with decedent, and petitioner subsequently distributed some of the bond proceeds to herself and her children. Petitioner used the remaining proceeds to pay

for decedent's nursing home care. On September 8, 2005, petitioner applied for Medicaid benefits on behalf of decedent, and a fair hearing was conducted following the denial of the application. DOH thereafter upheld the denial of the application.

Contrary to petitioner's contention, the determination of DOH following the fair hearing is supported by substantial evidence (*see generally* CPLR 7803 [4]; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]). The record establishes that decedent was a co-owner of the bonds until they were liquidated, at which time petitioner deposited all of the bond funds into the joint bank account and used over one third of the bond funds to pay for decedent's nursing home care. Thus, the record supports DOH's determination that decedent retained an ownership interest in the bonds and that the actual transfer of the assets did not take place until petitioner distributed the bond proceeds to herself and her children.

We reject petitioner's contention that DOH misapplied 18 NYCRR 360-4.4 (c) (2) (vi) and 96 ADM-8 by determining that the liquidation, rather than the transfer of possession, was the action that "reduce[d] or eliminate[d]" decedent's "control" of the bonds. "[W]ith regard to the agency's application of Medicaid regulations and directives, the fact that the agency's 'interpretation might not be the most natural reading of [its] regulation, or that the regulation could be interpreted in another way, does not make the interpretation irrational' " (*Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006], quoting *Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 280 [2003]).

We reject the further contention of petitioner that she established that decedent transferred the bonds to petitioner and her children in 2001. Petitioner relies upon the New York State Medicaid Reference Guide (at 268.1a), which provides that, "[i]f a person other than the [applicant] will not relinquish possession of the bond, the bond is not considered an available resource." Although petitioner submitted affidavits in which she and her family averred that decedent gifted the bonds to them in 2001 and that they did not intend to relinquish the bonds, DOH did not credit those affidavits. "It is for the administrative agency, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject" (*Matter of Smalls v Hammons*, 231 AD2d 528 [1996]; *see Faber v Merrifield*, 11 AD3d 1009 [2004]). Thus, this Court may not substitute its credibility determinations for those of DOH (*see Faber*, 11 AD3d at 1010).

In sum, the bond proceeds were deposited into the joint account and thus were presumed to belong to decedent (*see* 96 ADM-8, at 18), and petitioner failed to rebut that presumption.

Finally, we reject the contention of petitioner that she is entitled to attorneys' fees inasmuch as she is not a "prevailing party" (42 USC § 1988 [b]; *see generally Matter of Thomasel v Perales*, 78 NY2d 561, 567 [1991]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.