In the Matter of DESIRAE WESCOTT, Petitioner, v DAVID A. HANSELL, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [889 NYS2d 792]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [Joseph D. McGuire, J.], entered May 20, 2009) to review a determination of respondent David A. Hansell, Commissioner, New York State Office of Temporary and Disability Assistance. The determination suspended petitioner's public assistance benefits for a certain period of time based upon petitioner's failure to comply with mandated treatment.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination to suspend her public assistance benefits for 45 days based upon her failure to comply with the requirements of an alcohol and substance abuse rehabilitation program. We conclude that the determination is supported by substantial evidence (see Matter of Sorokina v Hansell, 45 AD3d 1388 [2007], appeal dismissed 10 NY3d 806 [2008]; Matter of Heaney v Wing, 249 AD2d 1004, 1005 [1998]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The Jefferson County Department of Social Services, the local district (Local District) serving petitioner, determined that petitioner was unable to work by

reason of her need for treatment for alcohol or substance abuse and referred her to a program in the Local District (*see* Social Services Law § 132 [4] [c]). Petitioner did not complete that program, however, and instead decided to enroll in a program in another district. Contrary to the contention of petitioner, she did not show the requisite good cause for her failure to complete the designated program (*see* § 132 [4] [f]). The Local District was authorized to select the program that would meet her rehabilitation needs (*see* § 132 [4] [c]), and petitioner could have established good cause for failing to complete the program if, inter alia, the Local District agreed with her that she was in need of a different program and the Local District determined that another program was appropriate (*see* 18 NYCRR 351.2 [i] [2] [iv] [a]). Here, inasmuch as petitioner never informed the Local District that she was enrolling in a different program, it cannot be said that the Local District agreed with petitioner that she was in need of a different program or determined that the other program was appropriate. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.