# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1458**

**TP 11-00046**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF LEYDY S. BELLO, PETITIONER,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE, RESPONDENT.

---

LEYDY S. BELLO, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Richard C. Kloch, Sr., A.J.], entered October 6, 2010) to review a determination of respondent. The determination required petitioner to repay emergency assistance funds.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination following a fair hearing that required her to repay the emergency assistance funds paid to her electric and gas services providers. "[T]he role of a court reviewing an administrative determination is limited to ensuring that the determination arrived at following an adversarial hearing is supported by substantial evidence" (*Matter of Jason B. v Novello*, 12 NY3d 107, 114; *see* CPLR 7803 [4]; *Faber v Merrifield*, 11 AD3d 1009). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Johnson v Town of Amherst*, 74 AD3d 1896, 1897, *lv denied* 15 NY3d 712 [internal quotation marks omitted]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181).

Here, respondent concluded that petitioner was required to repay the emergency assistance funds in question inasmuch as her gross monthly income exceeded the applicable public assistance standard of need (*see* 18 NYCRR 352.5 [e]; *see generally* New York State Off. of Temporary & Disability Assistance Administrative Directive 2002 ADM-02). Petitioner contends that the determination is not supported by substantial evidence because respondent erroneously characterized an "interest-free loan" as income in calculating her gross monthly

income.  We reject that contention.  Respondent was faced with conflicting evidence whether certain funds received by petitioner were loans rather than income.  " '[I]t is for the administrative tribunal, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which [evidence] to accept and which to reject' . . . This Court may not substitute its judgment for that of respondent" in rejecting petitioner's position that the funds at issue constitute loans rather than income (*Faber*, 11 AD3d at 1010; *see Matter of Padulo v Reed*, 63 AD3d 1687, 1688, *lv denied* 13 NY3d 716).

Contrary to petitioner's further contention, pursuant to respondent's "Energy Manual," it is not required to pay miscellaneous charges, including reconnect fees (*see* 18 NYCRR 352.5 [e]).

Entered:  December 30, 2011                                   Frances E. Cafarell
                                                             Clerk of the Court