■ DUANE SELBY, Petitioner, v ELIZABETH BERLIN, Respondent. [967 NYS2d 413]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance dated December 16, 2011, which, after a fair hearing, confirmed a determination of the Commissioner of the Westchester County Department of Social Services, discontinuing the petitioner's public assistance grant for a period of 45 days.

Adjudged that the determination of the New York State Office of Temporary and Disability Assistance dated December 16, 2011, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

In 2011, the Westchester County Department of Social Services (hereinafter the DSS) notified the petitioner that it intended to discontinue its provision of public assistance benefits to him based on his failure, inter alia, to complete a substance abuse treatment program to which it had referred him. During a fair hearing, the petitioner testified, in effect, that he had good cause for not completing the substance abuse treatment program due to a medical condition which prevented him from walking to and from the program. He also testified that he had requested transportation assistance from the DSS and that the DSS had refused to provide it. A DSS employee testified that, inter alia, the petitioner had not made any effort to obtain transportation assistance, that he had not asked the witness, the housing caseworker, or the petitioner's health maintenance organization (hereinafter HMO) for help, and that the HMO would have paid for the petitioner's transportation to and from the substance abuse treatment program if he had asked. Following the fair hearing, the respondent, the New York State Office of Temporary and Disability Assistance (hereinafter the OTDA), affirmed the DSS's determination, based on its findings that, inter alia, the petitioner's testimony that he had sought transportation assistance was uncorroborated and not credible and that he had failed to demonstrate good cause for failing to comply with the DSS's requirement that he complete the substance abuse treatment program. The petitioner commenced this CPLR article 78 proceeding to review the determination.

Review of an administrative determination made after a hearing required by law is limited to whether that determination is

supported by substantial evidence (*see Matter of Tutuianu v New York State*, 17 AD3d 687 [2005]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Issues of credibility are for the administrative factfinder to resolve (*see Matter of Williams v Perales*, 156 AD2d 697, 698 [1989]; *see also* 18 NYCRR 358-5.6 [b] [7]; *Matter of Collins v Codd*, 38 NY2d 269, 270-271 [1976]), and are beyond this Court's power of review (*see Matter of Dente v Martinez*, 15 AD3d 656, 657 [2005]; *Matter of Cruz v Wing*, 276 AD2d 307 [2000]), as "[t]his Court may not substitute its judgment for that of the respondent [agency]" (*Matter of Bello v New York State Off. of Temporary & Disability Assistance*, 90 AD3d 1706, 1707 [2011]; *see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). Here, the OTDA's determination that the DSS's decision was correct was based on substantial evidence (*see* Social Services Law § 132 [4] [c], [f]; 18 NYCRR 351.2 [i]; 351.26, 358-5.6 [b] [7]; 358-5.9 [a]; *Matter of Berenhaus v Ward*, 70 NY2d at 443; *Matter of Collins v Codd*, 38 NY2d at 270-271; *Matter of Bello v New York State Off. of Temporary & Disability Assistance*, 90 AD3d 1706 [2011]; *Matter of Wescott v Hansell*, 67 AD3d 1434, 1435 [2009]; *Matter of Cruz v Wing*, 276 AD2d at 307; *Matter of Williams v Perales*, 156 AD2d at 698).

The petitioner's remaining contentions are without merit.

Accordingly, the OTDA's determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.