Matter of Rosario v New York City Dept. of Social Servs. (2019 NY Slip Op 02884)





Matter of Rosario v New York City Dept. of Social Servs.


2019 NY Slip Op 02884


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-06248
 (Index No. 14784/16)

[*1]In the Matter of Nora Rosario, petitioner,
v
New York City Department of Social Services, et al., respondents.


Nora Rosario, Richmond Hill, NY, petitioner pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Ellen Ravitch of counsel), for respondent New York City Department of Social Services.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent New York State Office of Temporary and Disability Assistance.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Office of Temporary and Disability Assistance dated August 26, 2016. The determination, after a fair hearing, affirmed a determination of the New York City Department of Social Services denying the petitioner's application for an emergency assistance grant for home repairs.
ADJUDGED that the determination dated August 26, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In June 2016, the New York City Department of Social Services (hereinafter the DSS) denied the petitioner's application for an emergency assistance grant to repair the roof of her home and the railing and steps of her front porch. Following a fair hearing, the New York State Office of Temporary and Disability Assistance (hereinafter the OTDA) affirmed the DSS's determination, finding that the petitioner was not entitled to an assistance grant pursuant to Emergency Assistance for Aged, Blind and Disabled Persons (hereinafter EAA) (see Social Services Law § 300; see also 18 NYCRR 397.1) or Emergency Safety Net Assistance (hereinafter ESNA) (see 18 NYCRR 370.3). The petitioner commenced this CPLR article 78 proceeding to review the OTDA's determination.
Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239; Selby v Berlin, 107 AD3d 902, 902). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
The OTDA's determination that the petitioner was not entitled to an assistance grant pursuant to EAA was based upon substantial evidence, as the petitioner testified that the damage was caused by normal wear and tear, and not an unforeseen event (see Social Services Law § 303[1][a]; see also Matter of Gooshaw v Wing, 295 AD2d 838, 840; Matter of Martinez v Turner, 289 AD2d 408, 408). Additionally, the OTDA's determination that the petitioner was not entitled to an assistance grant pursuant to ESNA was based upon substantial evidence, because the petitioner failed to establish that there was an identified emergency and that the repairs were essential to her health or safety (see 18 NYCRR 370.3[b][1]; 352.4[d][2]; see also Baumes v Lavine, 38 NY2d 296, 304; Best v New York State Dept. of Social Servs., 228 AD2d 193; Matter of Hawkins v Commissioner of N.Y. State Dept. of Social Servs., 161 AD2d 377, 377).
Accordingly, we confirm the OTDA's determination, deny the petition, and dismiss the proceeding on the merits.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court