Matter of Williams v Guinn (2026 NY Slip Op 01906)

Matter of Williams v Guinn

2026 NY Slip Op 01906

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND
HANNAH, JJ.

962 TP 25-00862

[*1]IN THE MATTER OF CASHEENA WILLIAMS,
PETITIONER,
vBARBARA GUINN, COMMISSIONER, NEW YORK STATE
OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, RESPONDENT. 

NEIGHBORHOOD LEGAL SERVICES, INC., BUFFALO (LARRY E. WATERS,
JR., OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF
COUNSEL), FOR RESPONDENT.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of
the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie
County [Catherine R. Nugent Panepinto, J.], entered May 16, 2025) to review a
determination of respondent. The determination, among other things, imposed a 12-month
disqualification penalty on petitioner's eligibility for Supplemental Nutrition Assistance
Program benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without
costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant
to CPLR 7804 (g), petitioner seeks, inter alia, to annul a determination following a fair
hearing finding that she committed an intentional program violation of the Supplemental
Nutrition Assistance Program (SNAP) by failing to report her daughter's employment
income when she applied for recertification, which resulted in petitioner receiving an
overissuance of SNAP benefits and disqualified her from receiving SNAP benefits for
twelve months. We confirm the determination.
"[T]he role of a court reviewing an administrative determination is limited to
ensuring that the determination arrived at following an adversarial hearing is supported by
substantial evidence" (Matter of
Bello v New York State Off. of Temporary & Disability Assistance, 90 AD3d
1706, 1706 [4th Dept 2011], lv denied 18 NY3d 810 [2012] [internal
quotation marks omitted]; see CPLR 7803 [4]; Faber v Merrifield, 11 AD3d
1009, 1010 [4th Dept 2004]), and not, as petitioner contends, by clear and convincing
evidence. Substantial evidence is "such relevant proof as a reasonable mind may accept as
adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State
Div. of Human Rights, 45 NY2d 176, 180 [1978]). We conclude that the
determination that petitioner intentionally failed to disclose her daughter's income is
supported by substantial evidence (see Matter of Smith v Wing, 1 AD3d 933, 934 [4th Dept
2003]; Matter of Williams v Perales, 156 AD2d 697, 698 [2d Dept 1989]). It was
established at the administrative hearing that petitioner, knowing that she was required to
disclose the income of everyone living with her, disclosed her own income but not the
income of her daughter and, contrary to petitioner's contention, it is "readily inferable
therefrom that she acted intentionally" (Smith, 1 AD3d at 934). Additionally,
although respondent was presented with conflicting evidence with respect to whether the
daughter's income was disclosed, "[i]t is for the administrative tribunal, not the courts, to
weigh conflicting evidence, assess the credibility of witnesses, and determine which
[evidence] to accept and which to reject . . . This Court may not substitute its judgment
for that of respondent" in rejecting petitioner's position that her daughter's income was
disclosed (Bello, 90 AD3d at 1707 [internal quotation marks omitted]; see
Smith, 1 AD3d at 934; see generally Matter of Czerwiak v Wing, 245 AD2d
1098, 1098 [4th [*2]Dept 1997]).
We reject petitioner's further contention that supplemental evidence was allowed at
the administrative hearing and therefore respondent's determination was affected by an
error of law inasmuch as we conclude that respondent complied with the regulations
(see 18 NYCRR 359.5, 359.7). Petitioner's remaining contention, that she is
entitled to attorneys' fees, is without merit (see generally CPLR 8601 [a]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court