OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this case is whether the Department of Health’s (DOH) decision to deny petitioner Monroe County’s request, on behalf of its County hospital operation, for additional Medicaid reimbursement due to the difference between petitioner’s estimated electric utility costs for 1983, a rate base year, and actual usage in 1990, was arbitrary and capri
 
 *188
 
 clous. Concluding that DOH’s determination was not arbitrary and capricious, we reverse the order of the Appellate Division that allowed recovery of such costs.
 

 Petitioner, Monroe Community Hospital (Hospital), is an institution for extended care and treatment of the chronically ill. Under provisions of article 28 of the Public Health Law, acute care hospitals such as petitioner receive reimbursement for services rendered to Medicaid-eligible patients
 
 (see,
 
 Public Health Law § 2807 [3]). Pursuant to 10 NYCRR 86-2.10 (b) (1) (i), petitioner was required to use "statistical data submitted by the facility for the fiscal year ending December 31, 1983” to determine its reimbursement rate. The reimbursement rate consists of the following components: (1) direct costs, (2) indirect costs, (3) noncomparable costs, and (4) capital costs. The noncomparable component of the rate consists of costs which are not subject to peer facility comparison due to their nature
 
 (see,
 
 10 NYCRR 86-2.10 [¶] [1]). Electricity costs are part of noncomparable costs.
 

 When DOH reviewed petitioner’s 1983 costs, petitioner was sharing an electrical meter with three other facilities operated by Monroe County. In complying with the regulatory scheme petitioner estimated its share of those costs at 6,929,954 kilowatt hours. In 1990, after petitioner installed a meter to determine its actual electrical usage, petitioner assumed that it had underestimated its usage for 1983 because, according to the meter, its actual kilowatt hours were 8,761,200. Because its electrical costs would, in the future, reflect actual rather than estimated usage, petitioner sought increased reimbursement for 1991.
 

 Petitioner sought this adjustment, however, based on what it referred to as an increase in "the electric usage” due to "[u]pdating and modernizing of electric systems.” DOH recommended denial of petitioner’s request because petitioner had failed to seek prior DOH authorization for "updating and modernizing” of the electric systems, in contravention of the regulatory scheme. The Director of the Bureau of Hospital Reimbursement concluded that the project "resulted from a management decision * * * [and] no authority [exists] in regulation for additional reimbursement in this case, and no adjustment [was] warranted.”
 

 Petitioner requested a hearing as authorized pursuant to 10 NYCRR 86-2.14 (b) (1) to address the denial of its appeal. That regulation requires that the hearing request be denied unless
 
 *189
 
 there are factual issues that must be resolved. In its issue statement, petitioner alleged no factual dispute but changed the reason for the increase in the facility’s utility costs from increase in costs from increases in usage due to modernizing and updating of the electronic systems to its claim that the "1990 meter readings showed an increase in kwh [kilowatt hours] charged by the County to the Hospital of 26.4% in 1990 when compared to the 1983 estimated kwh charged.”
 

 DOH’s rate review officer determined that the governing regulations made "no provision for additional reimbursement due to a change in the method of capturing costs.” Because petitioner’s "appeal and reappeal raise[d] no issues of fact,” the officer denied petitioner’s request for a hearing.
 

 Petitioner then commenced this CPLR article 78 proceeding. Supreme Court annulled DOH’s determination as arbitrary and capricious and remitted the matter to DOH requiring it to redetermine petitioner’s reimbursement rate in light of petitioner’s 1990 metered figures. DOH appealed to the Appellate Division and that Court affirmed, with two Justices dissenting. DOH appeals, as of right, to this Court pursuant to CPLR 5601 (a).
 

 Here, petitioner argues that the prior courts’ findings are supported by the record and applicable law. Appellant DOH contends that the prior courts had no authority to direct it to calculate petitioner’s Medicaid reimbursement based on the 1990 metered figures and that the courts’ determinations were not supported by the record and conflict with relevant law.
 

 The appropriate standard of review here is whether DOH’s determination was arbitrary and capricious. This settled standard requires the Court to assess whether the action in question was taken "without sound basis in reason and * * * without regard to the facts”
 
 (see, Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 231). DOH’s determination need only be supported by a "rational basis”
 
 (see, Matter of Heintz v Brown,
 
 80 NY2d 998, 1001;
 
 Matter of Pell v Board of Educ., supra).
 

 We conclude, and agree with the dissenters at the Appellate Division, that DOH’s determination denying petitioner’s reap-peal was not arbitrary or capricious. As DOH contends, several reasons support its decision to deny petitioner’s request.
 

 Aside from its explanations concerning its revised cost-capturing procedure, petitioner failed to sufficiently allege how its 1983 metered readings of its utility costs contain "error” for purposes of the regulation
 
 (see,
 
 10 NYCRR 86-2.13). Although
 
 *190
 
 petitioner claims here that the 1983 estimates constitute "error” because the 1990 metered readings indicate a 26.4% discrepancy as compared to the 1983 estimates, it is not clear that the only explanation for the discrepancy is that the 1983 rate indicates "error.” Other factors could explain the increase in kilowatt hours. Perhaps petitioner was not as efficient in its utility use as in 1983. Public Health Law § 2807 (3) obliges respondent to reimburse only for expenses incurred in the course of efficient and economic operation of a facility. It was therefore not arbitrary for DOH to deny reimbursement where no regulation authorized such for petitioner’s change in its method of capturing costs and petitioner’s actual expenses may have been incurred as a result of inefficiency.
 

 Pursuant to 10 NYCRR 86-2.14 (b) (1), the set reimbursement rate is deemed final absent a timely request for a hearing containing "a statement of the factual issues to be resolved.” The rate review officer determined that petitioner presented no factual issue requiring a hearing and when the officer makes that determination, "the request for a hearing shall be denied”
 
 (see,
 
 10 NYCRR 86-2.14 [b] [2]). Petitioner claimed no sufficient "factual issue,” and sought to assert a new ground to support its position that it was entitled to additional reimbursement. Thus, DOH’s rate review officer’s decision could have been upheld on that ground alone.
 

 Additionally, notwithstanding petitioner’s contentions to the contrary, the difference between petitioner’s first and second level appeals consisted of more than a mere "clarification” of the basis of the appeals; petitioner changed the substance of the grounds for the relief it sought and its second claim was raised in an untimely manner. At the first appeal, petitioner claimed that the "updating and modernizing” of its electric systems caused the increase in its electric usage. At its second stage appeal, petitioner claimed that the increase in its electric costs was due to inaccurate estimates of its 1983 usage. Assuming for the moment that this ground constitutes an "error,” the regulations specify that rates may be adjusted where errors are "brought to the attention of the commissioner within 120 days of receipt of the commissioner’s initial rate computation sheet”
 
 (see,
 
 10 NYCRR 86-2.13 [a]; 86-2.14 [b]). Petitioner received the rate computation sheet on November 2, 1990 and asserted its "clarification” upon its second level appeal on July 1, 1991. Petitioner’s asserted basis for its second stage appeal, differing entirely in substance from the first appeal, would have unquestionably been denied as un
 
 *191
 
 timely had petitioner asserted it on the same date absent the first appeal. Thus, petitioner may not evade timeliness constraints by claims of "clarification” of substantive grounds as opposed to straightforward substitution.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order reversed, etc.