■ In the Matter of BRONX-LEBANON SPECIAL CARE CENTER, INC., Appellant, v BARBARA A. DEBUONO, as Commissioner of Health of State of New York, et al., Respondents. [704 NYS2d 20] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered December 16, 1998, dismissing petitioner nursing home's petition pursuant to CPLR article 78 challenging respondents' calculation of discrete cost-based Medicaid reimbursement rates for its AIDS and geriatric beds for the period of May 1, 1993 through December 31, 1998 and refusal to waive interest charges on overpayments to be recouped, unanimously affirmed, without costs.

Petitioner's argument that respondents should be estopped from applying a discrete cost-based rate determination to petitioner's nursing facility and that respondent's determination to apply such a rate structure was arbitrary and capricious are without merit. Although petitioner contends that its Medicaid reimbursement must be rationally related to the blended rate reimbursement projection used as the basis for its construction/establishment approval, which was based on the reimbursement methodology applicable at the time, the approvals of the establishment/construction applications did not constitute approval of the rate projections therein. Projections can change. Moreover, petitioner's initial discrete budget-based rates were not set until after amendment of 10 NYCRR 86-2.10 (p) to allow discrete cost-based rates for AIDS patients; application of the amended regulation in petitioner's case did not retroactively affect petitioner's allowed rates of reimbursement. In any event, the doctrine of estoppel does not apply to the State when it is exercising its governmental functions (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33),

and petitioner's manifest injustice argument is not persuasive in view of petitioner's request and acceptance of discrete rates where it suited its purposes. Enhanced rates for AIDS patients are provided because they require a higher level of care than most other patients. Petitioner, then, makes no sustainable claim that respondents acted irrationally in treating AIDS patients discretely for rate-setting purposes.

Petitioner's argument that, by issuing discrete rates for its separately certified care units, respondents are illegally making a payment distinction "between facilities providing different standards of care" in violation of the Omnibus Budget and Reconciliation Act of 1987 (42 USC § 1396r), is also without merit (*see, Indiana Assn. of Homes for Aging v Indiana Off. of Medicaid Policy & Planning*, 60 F3d 262; *Matter of Sylcox v DeBuono*, 267 AD2d 850).

Even if petitioner's argument that it is entitled to hospital-based facility status had not been waived by its evident acceptance of its designated status as a free-standing facility, it would not warrant reversal. While there is some factual support for petitioner's contention that, pursuant to the criteria set forth in 10 NYCRR 86-2.10 (a) (13) (ii), it is a hospital-based facility, courts will defer to an agency's interpretation of its regulations and determinations where that interpretation is not irrational or contrary to statute, even if a different conclusion might be reached on the same evidence (*see, Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 189). Reasonable doubts will be resolved in favor of the administrative determination (*see, Matter of Town of Henrietta v Department of Envtl. Conservation*, 76 AD2d 215, 224). Here, petitioner failed to show that the Department of Health neglected to consider the factors set forth in regulations (*see, Matter of North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation v Commissioner of N. Y. State Dept. of Health*, 190 AD2d 494, 499-500, *lv denied* 82 NY2d 665), and there is a sufficient basis in the record to conclude that agency's interpretation was not irrational.

Even if a protected property interest had been implicated by respondents' issuance of the disputed rate determination, and it was not (*see, Oberlander v Perales*, 740 F2d 116, 120), petitioner, which had the right to administrative review of the challenged determination and thereafter to judicial review pursuant to CPLR article 78, would have received all the procedural due process to which it was entitled (*see, Matter of Patterson v Chassin*, 196 AD2d 155, 161, *appeal dismissed and lv denied* 83 NY2d 962).

Finally, it cannot be said that the agency's refusal to exercise its discretionary right to waive interest under 18 NYCRR 518.4 (e) in connection with its recoupment of Medicaid overpayments was irrational.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.