■ In the Matter of MONROE COMMUNITY HOSPITAL, by COUNTY OF MONROE, Appellant, v COMMISSIONER OF HEALTH OF STATE OF NEW YORK et al., Respondents. (Appeal No. 1.) [734 NYS2d 776] —Judgment unanimously reversed on the law without costs, petition reinstated and matter remitted to respondent Commissioner of Health of State of New York for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking judicial review of the determination of the New York State Department of Health establishing Medicaid reimbursement rates for medical services provided by petitioner to Medicaid recipients. The Commissioner of Health of the State

of New York (respondent) denied petitioner's request for a hearing on the issues whether petitioner's financial loss from the employee cafeteria resulted from an employee fringe benefit; whether the error of petitioner in reporting the square footage of its facility resulted in an erroneous allocation of overhead costs to nonallowable cost centers; and whether an error in the nursing hours reported resulted in underreporting the costs of nursing administration used for the 1983 base year. We conclude that respondent erred in denying petitioner's request for a hearing with respect to those issues and that Supreme Court therefore erred in dismissing the petition seeking vacatur of the Medicaid reimbursement rates.

As a preliminary matter, we note that the court erred in rejecting petitioner's reply, which was submitted the day before the scheduled return date (see, CPLR 7804 [c]), and thus we now consider that reply on appeal.

"It is the settled rule that judicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758). Respondent denied reimbursement for the loss incurred in the employee cafeteria on the ground that petitioner failed to provide respondent with evidence of a collective bargaining agreement or an employer-employee contract that contained reduced prices for meals as a fringe benefit. In response to respondent's initial request for documentation substantiating petitioner's claim that the loss incurred was an employee benefit, petitioner had provided respondent with a copy of the employee handbook regarding the employee cafeteria. In its answer to the petition, however, respondent alleged that "petitioner failed to provide any documentation whatsoever to support its claim." The court relied upon the subsequent assertion of respondent that it did not deny petitioner's claim solely because petitioner failed to provide a collective bargaining agreement or the employer-employee contract, but rather, denied the claim because petitioner failed to provide additional information to support its claim. Thus, with respect to petitioner's financial loss resulting from the employee cafeteria, the court's determination was based upon a ground not invoked by respondent when it originally denied the claim.

Petitioner bears a heavy burden in challenging respondent's determination with respect to Medicaid reimbursement (see, Matter of University Hgts. Nursing Home v Chassin, 245 AD2d 776, 777), and that determination must be upheld if it has a rational basis (see, Matter of County of Monroe v Kaladjian, 83

NY2d 185, 189). We conclude that there is no rational basis for the denial by respondent of petitioner's request for a hearing on the issue whether petitioner's financial loss from the employee cafeteria resulted from an employee fringe benefit (*cf., Matter of County of Monroe v Kaladjian, supra,* at 189-190). The fact that there is no collective bargaining agreement or employer-employee contract that provides reduced prices for meals as a fringe benefit is not dispositive of the issue whether petitioner in fact provided that benefit to its employees.

We further conclude that respondent had no rational basis to deny petitioner a hearing on the issue whether the error of petitioner in reporting the square footage of its facility resulted in an erroneous allocation of overhead costs to nonallowable cost centers. The court determined that the issue involved only a question of law. We disagree, and conclude that the issue is one of fact, requiring a hearing by respondent to determine whether the reporting error resulted in the assignment of more overhead costs to nonallowable cost centers than to allowable costs centers and thereby resulted in an erroneous reduction in the amount of reimbursement.

In addition, we conclude that there is no rational basis for the denial of petitioner's request for a hearing to the extent that it sought to correct an error in the nursing hours that were reported and used in allocating petitioner's nursing administration costs for the 1983 base year. "[T]he plain language of [10 NYCRR 86-2.14 (a) (2)] * * * allows for the correction of the error in data submitted by petitioner" (*Matter of Frances Schervier Home & Hosp. v Axelrod,* 178 AD2d 791, 793).

We therefore reverse the judgment, reinstate the petition and remit the matter to respondent for a hearing on the issues addressed herein. (Appeal from Judgment of Supreme Court, Monroe County, Barry, J.—CPLR art 78.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.