In the Matter of BARBARA HEINLEIN, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [876 NYS2d 293]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [James H. Dillon, J.], entered September 11, 2008) to review a determination of respondents. The determination, inter alia, suspended and revoked petitioner's group family day care license.

It is hereby ordered that the determination is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that she violated 18 NYCRR 416.15 (a) (10) and to vacate the penalty imposed, i.e., the suspension and revocation of her group family day care license. We agree with petitioner that the determination that she violated 18 NYCRR 416.15 (a) (10) by refusing to admit an employee of respondent agency into her home on one occasion and by threatening another employee of respondent agency on another occasion is not supported by substantial evidence. That regulation provides in relevant part that "[a] group family day

care home must admit inspectors and other representatives of the [agency] onto the grounds and premises at any time during the hours of operation of the home." It is undisputed that the day care license of petitioner was suspended when she refused to admit respondent agency's employee into her home, and thus her home had no "hours of operation" at that time (*id.*). Further, the purported threat made by petitioner, while ill-advised, did not violate the regulation. We reject respondents' interpretation of the regulation, which would impose upon petitioner broader obligations than are supported by the plain language of the regulation. "Although it is true that an agency's interpretation of its own regulation is generally entitled to deference, courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language" (*Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499, 506 [2005]). Finally, although we are annulling the determination that petitioner violated the regulation, we note in any event that, even assuming, arguendo, that she violated the regulation, we conclude that the penalty of revocation in these circumstances is "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *see Matter of Grady v New York State Off. of Children & Family Servs.*, 39 AD3d 1157 [2007]). Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.