# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**598**
**TP 10-01858**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF ANNE N. ZICKL, PETITIONER,

                     V                             MEMORANDUM AND ORDER

RICHARD F. DAINES, M.D., COMMISSIONER, NEW
YORK STATE DEPARTMENT OF HEALTH, RESPONDENT.

---

LAW OFFICES OF RANDOLPH P. ZICKL, BATAVIA (RANDOLPH P. ZICKL OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Genesee County [Michael F. Griffith, A.J.], entered September 8, 2010) to review a determination of respondent. The determination applied a net available monthly income of $292.28 toward the cost of petitioner's institutional care.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, a patient in a skilled nursing facility, commenced this CPLR article 78 proceeding seeking to annul the determination that she is obligated to apply her net available monthly income in the amount of $292.28 to her institutional care, rather than to the needs of her spouse who resides in the community. As a preliminary matter, we note that the matter was improperly transferred to this Court inasmuch as the petition alleges only that the determination is arbitrary and capricious and does not raise an issue of substantial evidence (*see* CPLR 7804 [g]). Nevertheless, we review the merits of petitioner's contention in the interest of judicial economy (*see Matter of Burgin v Keane*, 19 AD3d 1127).

The underlying facts are not in dispute. In the fair hearing conducted by respondent, petitioner relied upon *Matter of Balzarini v Suffolk County Dept. of Social Servs.* (55 AD3d 187, *revd* 16 NY3d 135), before that case was reversed by the Court of Appeals. In relying on the decision of the Second Department, petitioner contended that the recurring monthly expenses of her spouse exceeding the "Medicaid minimum monthly maintenance needs allowance" may be considered to be exceptional circumstances that result in significant financial distress within the meaning of 18 NYCRR 360-4.10 (a) (10). Those

recurring monthly expenses of petitioner's spouse included mortgage payments, real property taxes, credit card payments and the cost of utilities.  In reversing the decision in *Balzarini*, however, the Court of Appeals held "that 'exceptional circumstances' causing 'significant financial distress' within the meaning of the joint federal-state Medicaid program do not encompass everyday living expenses in excess of the 'minimum monthly maintenance needs allowance' . . ., an amount deemed sufficient by Congress for an individual to live in the community after his or her spouse residing in a nursing home becomes eligible for Medicaid" (*id*. at 138-139; *see Matter of Schachner v Perales*, 85 NY2d 316, 325).  Thus, we confirm the determination.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court