# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**626**

**CA 10-02018**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF SISTERS OF CHARITY HOSPITAL,
PETITIONER-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

RICHARD F. DAINES, M.D., COMMISSIONER OF HEALTH,
STATE OF NEW YORK, AND LAURA L. ANGLIN, DIRECTOR
OF BUDGET, STATE OF NEW YORK, OR THEIR SUCCESSORS,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

HARTER SECREST & EMERY LLP, ROCHESTER (THOMAS G. SMITH OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Paula
L. Feroleto, J.), entered March 31, 2010 in a proceeding pursuant to
CPLR article 78.  The judgment granted the petition and remitted the
matter for a hearing on the challenge of petitioner to its Medicaid
reimbursement rate.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking, inter alia, to annul the determination calculating its
Medicaid reimbursement rates for the period from January 1985 through
August 2009 following an administrative appeal without a hearing.
Supreme Court granted the petition and remitted the matter for a
hearing at which petitioner could challenge its Medicaid reimbursement
rates and present evidence of any increased costs.  We reverse.

We agree with respondents at the outset that the court erred in
concluding that petitioner advanced a claim that the calculation of
its Medicaid reimbursement rates was not reasonable and adequate
pursuant to Public Health Law § 2807 (3).  In any event, that claim is
without merit (*see generally Matter of Nazareth Home of the Franciscan
Sisters v Novello*, 7 NY3d 538, 544-545, *rearg denied* 7 NY3d 922).  We
note that petitioner correctly concedes that the administrative appeal
by which it challenged the calculation of its Medicaid reimbursement
rates is time-barred with respect to rate years prior to 2001, and we
also agree with respondents that the administrative appeal is time-

barred with respect to rate years 2002 and 2003 (*see* 10 NYCRR former 86-1.61 [b] [4]; [d]).  Thus, the court erred in granting the petition insofar as it concerns petitioner's Medicaid reimbursement rates with respect to those years.

We further conclude that the court erred in granting the petition insofar as it concerns petitioner's Medicaid reimbursement rates with respect to the rate years 2004 through 2009.  "Petitioner bears a heavy burden in challenging [an agency's] determination with respect to Medicaid reimbursement . . ., and that determination must be upheld if it has a rational basis" (*Matter of Monroe Community Hosp. v Commissioner of Health of State of N.Y.*, 289 AD2d 951, 952; *see Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 189; *Matter of Gignac v Paterson*, 70 AD3d 1310, 1311, *lv denied* 14 NY3d 714).  Indeed, "[w]ith regard to [an] agency's application of Medicaid regulations and directives, the fact that the agency's interpretation might not be the most natural reading of [its] regulation, or that the regulation could be interpreted in another way, does not make the interpretation irrational" (*Matter of Padulo v Reed*, 63 AD3d 1687, 1688, *lv denied* 13 NY3d 716 [internal quotation marks omitted]).  Contrary to the court's determination, we conclude that the administrative appeal with respect to the rate years 2004 through 2009 was governed by 10 NYCRR former 86-1.61 (b) (2) and (d).  On the record before us, we cannot conclude that respondents' interpretation of that regulation was irrational (*see Padulo*, 63 AD3d at 1688; *Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d 776, 777-778; *Matter of Mary Imogene Bassett Hosp. v Axelrod*, 127 AD2d 260, 263).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court