In the Matter of ADIRONDACK HEALTH-UIHLEIN LIVING CENTER et al., Respondents, v NIRAV R. SHAH, M.D., Commissioner of Health, State of New York, et al., Appellants. [3 NYS3d 488]—

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered February 3, 2014 in a CPLR article 78 proceeding and declaratory judgment action. The order, insofar as appealed from, directed respondents to make future case mix adjustment payments in January and July of each calendar year.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the sixth decretal paragraph is vacated.

Memorandum: In a related appeal, after converting this CPLR article 78 proceeding to a hybrid CPLR article 78 proceeding/declaratory judgment action, this Court holds that Supreme Court erred in determining that the enforcement of 10 NYCRR 86-2.40 (m) (10) by respondents-defendants (respondents) is arbitrary and capricious and otherwise unlawful under both state and federal law, and we therefore reverse the order insofar as appealed from (*Matter of Adirondack Health-Uihlein Living Ctr. v Shah*, 125 AD3d 1366 [2015] [*Adirondack I*]). During the pendency of the appeal in *Adirondack I*, petitioners-plaintiffs (petitioners) moved for, inter alia, an order compelling respondents to make future case mix adjustment payments in January and July of each calendar year (*see* 10 NYCRR 86-2.40 [m] [6]), and the court granted that part of the motion. We subsequently granted

respondents leave to appeal, and we now reverse the order insofar as appealed from. We agree with respondents that the plain meaning of the regulation is that, in January and July of every year, the Department of Health is required to use case mix information to recalculate the Medicaid reimbursement rates for residential health care facilities, but it does not set forth a schedule for issuing Medicaid reimbursement payments associated with those case mix adjustments to the facilities (*see generally Matter of Heinlein v New York State Off. of Children & Family Servs.*, 60 AD3d 1472, 1473 [2009]). Present—Centra, J.P., Fahey, Valentino, Whalen and DeJoseph, JJ.