# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1344**
**CA 14-00367**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ADIRONDACK HEALTH-UIHLEIN
LIVING CENTER, ET AL.,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, M.D., COMMISSIONER OF HEALTH,
STATE OF NEW YORK, ROBERT L. MEGNA, AS DIRECTOR
OF BUDGET, AND ANDREW M. CUOMO, GOVERNOR, STATE
OF NEW YORK, RESPONDENTS-DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.

HARTER SECREST & EMERY LLP, ROCHESTER (F. PAUL GREENE OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-RESPONDENTS.

---

Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Supreme
Court, Monroe County (John J. Ark, J.), entered February 3, 2014 in a
CPLR article 78 proceeding and declaratory judgment action.  The
order, insofar as appealed from, directed respondents to make future
case mix adjustment payments in January and July of each calendar
year.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and the sixth decretal
paragraph is vacated.

Memorandum:  In a related appeal, after converting this CPLR
article 78 proceeding to a hybrid CPLR article 78
proceeding/declaratory judgment action, this Court holds that Supreme
Court erred in determining that the enforcement of 10 NYCRR 86-2.40
(m) (10) by respondents-defendants (respondents) is arbitrary and
capricious and otherwise unlawful under both state and federal law,
and we therefore reverse the order insofar as appealed from (*Matter of
Adirondack Health-Uihlein Living Ctr. v Shah*, ___ AD3d ___ [Feb. 6,
2015] [*Adirondack I*]).  During the pendency of the appeal in
*Adirondack I*, petitioners-plaintiffs (petitioners) moved for, inter
alia, an order compelling respondents to make future case mix
adjustment payments in January and July of each calendar year (*see* 10
NYCRR 86-2.40 [m] [6]), and the court granted that part of the motion.
We subsequently granted respondents leave to appeal, and we now
reverse the order insofar as appealed from.  We agree with respondents

that the plain meaning of the regulation is that, in January and July of every year, the Department of Health is required to use case mix information to recalculate the Medicaid reimbursement rates for residential health care facilities, but it does not set forth a schedule for issuing Medicaid reimbursement payments associated with those case mix adjustments to the facilities (*see generally Matter of Heinlein v New York State Off. of Children & Family Servs.*, 60 AD3d 1472, 1473).

Entered:  February 6, 2015                        Frances E. Cafarell
                                                  Clerk of the Court