Matter of Waterfront Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health (2018 NY Slip Op 04881)





Matter of Waterfront Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health


2018 NY Slip Op 04881


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
701
TP 17-02155

 

[*1]IN THE MATTER OF WATERFRONT CENTER FOR
REHABILITATION AND HEALTHCARE, PETITIONER,
 
V MEMORANDUM AND ORDER
 
v
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT.
 
CORWART DIZZIA LLP, NEW YORK CITY (JENNIFER SWEENEY OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT.


Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], dated December 12, 2017) to review a determination of respondent. The determination denied an application for Medicaid benefits.
It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted, and the matter is remitted to Erie County Department of Social Services for further proceedings in accordance with the following memorandum: Petitioner, a skilled nursing facility, commenced this CPLR article 78 proceeding seeking to annul the determination affirming the denial of a medical assistance application filed by petitioner as the designated authorized representative of its former resident (resident). As a preliminary matter, we note that this proceeding was improperly transferred to this Court inasmuch as the petition does not raise an issue of substantial evidence (see CPLR 7804 [g]). Nevertheless, we review the merits of the petition in the interest of judicial economy (see Matter of Zickl v Daines, 83 AD3d 1582, 1582-1583 [4th Dept 2011]).
In its determination following a fair hearing, respondent found that petitioner's application was properly denied under 18 NYCRR 360-2.3 (a) because the demographic information, assets, and financial resources of the resident's estranged wife, a legally responsible relative, could not be confirmed. We agree with petitioner that the determination is inconsistent with the plain language of the regulation and that the determination therefore lacks a rational basis (see Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005]; Matter of Mid Is. Therapy Assoc., LLC v New York State Educ. Dept., 129 AD3d 1173, 1175 [3d Dept 2015]).
Although an agency's interpretation of its own regulation is generally entitled to deference, "courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language" (Visiting Nurse Serv. of N.Y. Home Care, 5 NY3d at 506; see Matter of Heinlein v New York State Off. of Children & Family Servs., 60 AD3d 1472, 1473 [4th Dept 2009]). Section 360-2.3 (a) (2) provides that a medical assistance "applicant/recipient will not have eligibility denied or discontinued solely because he/she does not possess and cannot obtain information about the income or resources of a nonapplying legally responsible relative who is not living with him/her." Although denial of an application may nonetheless be appropriate under section 360-2.3 (a) (3) if an applicant/recipient refuses to grant permission for the examination of non-public records, here the parties do not dispute that petitioner and the resident cooperated with all efforts to obtain information from the resident's estranged wife.
We reject respondent's contention that the determination should be confirmed because, in [*2]the absence of a showing that denial would subject the resident to undue hardship, denial of petitioner's application was permissible pursuant to 18 NYCRR 360-4.10. Regardless of the merits of that contention, we note that " [i]t is the settled rule that judicial review of an administrative determination is limited to the grounds invoked by the agency' " (Matter of Monroe Community Hosp. v Commissioner of Health of State of N.Y., 289 AD2d 951, 952 [4th Dept 2001], quoting Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]). Respondent never relied on that regulation or the absence of undue hardship as defined therein and, indeed, the challenged determination expressly states that the issue of undue hardship was "not ripe for the Commissioner's review." We therefore annul the determination, grant the petition, and remit the matter to Erie County Department of Social Services for further proceedings.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court