Matter of Harry's Nurses Registry, Inc. v New York State Off. of Medicaid Inspector Gen. (OMIG) (2025 NY Slip Op 01459)

Matter of Harry's Nurses Registry, Inc. v New York State Off. of Medicaid Inspector Gen. (OMIG)

2025 NY Slip Op 01459

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

60 TP 24-01100

[*1]IN THE MATTER OF HARRY'S NURSES REGISTRY, INC., PETITIONER,
v
NEW YORK STATE OFFICE OF MEDICAID INSPECTOR GENERAL (OMIG), NEW YORK STATE DEPARTMENT OF HEALTH, BUREAU OF ADJUDICATION, JOHN HARRIS TEREPKA, BUREAU OF ADJUDICATION ADMINISTRATIVE LAW JUDGE AND NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENTS. 

GEORGE A. RUSK, SNYDER, FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Joseph D. Waldorf, J.], entered February 15, 2024) to review a determination of respondents. The determination found that petitioner was liable for Medicaid overpayments. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent John Harris Terepka, Bureau of Adjudication Administrative Law Judge (ALJ), made after a hearing, insofar as it affirmed in part the determination of respondent New York State Office of Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner during a two-year period. OMIG determined that respondent New York State Department of Health is entitled to recover from petitioner Medicaid overpayments, based, at least in part, on an extrapolation method used by OMIG to calculate the total amount of overpayments. We confirm the determination and dismiss the petition.
Preliminarily, we note that our review of petitioner's contentions in this transfer proceeding is proper, even though petitioner does not raise a substantial evidence issue in its brief before this Court. Supreme Court properly transferred this proceeding to this Court on the basis that petitioner raised a substantial evidence issue in its amended petition and, under CPLR 7804 (g), we are required to "dispose of all issues in the proceeding" (emphasis added; see generally David D. Siegel & Patrick M. Connors, New York Practice § 568 at 1090-1091 [6th ed 2018]). Even assuming, arguendo, that transfer of the proceeding was improper due to petitioner's failure to raise a substantial evidence issue, we are nevertheless permitted to review the merits of the petition in the interest of judicial economy (see Matter of Waterfront Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 162 AD3d 1717, 1718 [4th Dept 2018]; Matter of Zickl v Daines, 83 AD3d 1582, 1583 [4th Dept 2011]; see generally Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y., 24 NY2d 174, 180 [1969]).
Petitioner contends that the ALJ's determination should be annulled because the actual electronic audit report was not admitted in evidence during the hearing; that, to the extent that certain hearing exhibits are purported to constitute the electronic audit report, they were not [*2]properly entered in evidence; that the determination was arbitrary and capricious because OMIG's extrapolation method did not meet the standard for determining the validity of scientific methodologies; and that OMIG did not provide the requisite notice under 18 NYCRR 518.7 (b) and (c), 521-3.5 (a), and 516.3 (b) (2) before collecting the challenged overpayments and charging interest. Because petitioner did not advance those contentions at the administrative hearing, however, it failed to preserve them for our review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Lisowski v New York State Dept. of Motor Vehs., 227 AD3d 1438, 1439 [4th Dept 2024]; see also Matter of Cornell v Annucci, 173 AD3d 1760, 1761 [4th Dept 2019]), and we have no discretionary authority to review those contentions in this CPLR article 78 proceeding (see Khan, 96 NY2d at 880; Lisowski, 227 AD3d at 1439).
Petitioner contends that OMIG's reliance on an extrapolation method to, at least in part, determine the amount of Medicaid overpayments was not authorized by law or regulation inasmuch as the reference to extrapolation in 18 NYCRR 519.18 (g) is not a clear and explicit grant of such authority. We reject that contention inasmuch as the Court of Appeals has expressly concluded "that the authority for [OMIG] to conduct Medicaid audits based upon statistical sampling is implicit in the general grant of authority to supervise the administration of the Medicaid program in this State" (Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs., 79 NY2d 197, 207 [1992]; see generally West Midtown Mgt. Group, Inc. v State of N.Y., Dept. of Health, Off. of the Medicaid Inspector Gen., 31 NY3d 533, 535-536 [2018]). Indeed, the Court noted that "it is not unreasonable for a supervising agency, such as [OMIG], to use statistical samples to establish that overpayments have been made and to estimate their total," as long as the provider—i.e., petitioner here—is given "a fair opportunity to challenge the accuracy of the estimate by attacking the reliability of the methods or standards employed" (id. at 204), and petitioner availed itself of that opportunity in this case.
We also reject petitioner's contention that the grant of authority to extrapolate the amount of the overpayment under 18 NYCRR 519.18 (g) conflicts with Social Services Law § 145-b, which grants OMIG the authority to collect a monetary penalty under the appropriate circumstances. The statute and the regulation govern entirely separate forms of relief that OMIG may pursue simultaneously where there have been violations of Medicaid regulations. Indeed, we note that "[t]he imposition of a penalty . . . does not preclude the recovery of an overpayment" (18 NYCRR 516.3 [a] [1]). A petitioner's "reimbursement of the unauthorized payments is not a sanction or a penalty, but merely a remedy in the nature of recoupment" (Matter of A.R.E.B.A. Casriel v Novello, 298 AD2d 134, 135 [1st Dept 2002], lv denied 100 NY2d 56 [2003]). For the same reasons, we reject petitioner's contention that OMIG's election to seek a recoupment of the overpayment, rather than the imposition of monetary penalties, was arbitrary and capricious.
Petitioner also contends that the ALJ's determination should be annulled because the ALJ's refusal to consider certain documentation pertaining to several sample claims that were ultimately disallowed was based on an irrational interpretation of the relevant regulations. We reject that contention. A provider must file any objections "within 30 days" of receiving notice of the draft audit report (18 NYCRR 517.5 [c]; see also 18 NYCRR 517.5 [b]) and " 'may not . . . raise any new matter' at a hearing 'not considered by the department upon submission of objections to a draft audit' " (Matter of Beth Israel Med. Ctr. v New York State Off. of Medicaid Inspector Gen., 221 AD3d 446, 447 [1st Dept 2023], quoting 18 NYCRR 519.18 [a]; see also 18 NYCRR 517.5 [b]). Here, petitioner submitted the relevant documentation to OMIG well after the issuance of the final audit report, and the ALJ's refusal to consider that documentation was rational and reasonable (see generally Matter of Marzec v DeBuono, 95 NY2d 262, 266 [2000], rearg denied 96 NY2d 731 [2001]).
We reject petitioner's contention that declaratory relief is appropriate and authorized in this proceeding (see generally Schachtler Stone Prods., LLC v Town of Marshall, 209 AD3d 1316, 1319 [4th Dept 2022]).
Finally, we have reviewed petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court